# UNITED STATES DISTRICT COURT

for the

Central District of California

Western Division



FILED
CLERK, U.S. DISTRICT COURT

JUL 1 2 2021

CENTRAL DISTRICT OF CALIFORNIA
BY _____ KMH _____ DEPUTY

|  |  |
|---|---|
| Michael J. Holmes | Case No. $2:21-CV-05647-RGK(JC_x)$ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)*  ☒ Yes  ☐ No |
| -v- |  |
| Alexander F. MacKinnon |  |
| *Defendant(s)* |  |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* |  |

## COMPLAINT FOR A CIVIL CASE

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Michael J. Holmes |
| Street Address | 2961 E. Hillside Drive |
| City and County | West Covina and Los Angeles |
| State and Zip Code | CA and 91791 |
| Telephone Number | (626) 373-4331 |
| E-mail Address | mh070582@yahoo.com |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Alexander F. MacKinnon |
| Job or Title *(if known)* | Judge |
| Street Address | 255 E. Temple Street. Los Angeles, CA 90012 Courtroom #780, |
| City and County | Los Angeles |
| State and Zip Code | CA and 90012 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Aricle IIIwhich extends the jurisdiction to cases arisingunder the U.S. Constitution

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

*(foreign nation)* _____.

    b.    If the defendant is a corporation

        The defendant, *(name)* _____, is incorporated under

        the laws of the State of *(name)* _____, and has its

        principal place of business in the State of *(name)* _____.

        Or is incorporated under the laws of *(foreign nation)* _____,

        and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Short statement-The Plainitff has filed a lawsuit against Nedrudee Liu  in the United States district Court Western Division of California. The Defendant is not allowing the court proccedding to occur, where the Plainitff and Nedrudee Liu  will present their arguments and evidence, so that the Defendant can make a ruling based on these facts during the trial. The Defendnats actions has created a controversey, in a  pending lawsuit.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Injuntive Relief and a Declaratory Relief of the Defendants rights and obligations of the Defendant. See attached complaint.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            07/12/2021

Signature of Plaintiff

Printed Name of Plaintiff    Michael J. Holmes

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Michael J. Holmes

2961 E. Hillside Drive

West Covina, CA 91791

(626) 373-4331

Plaintiff Pro Se Litigant


UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF CALIFORNIA


| Michael J. Holmes | Civil Docket No. |
|---|---|
| Plaintiff(s), | Verified Complaint |
| vs. | Complaint For: |
| Alexander F. MacKinnon | Violation of the |
| Defendants | Plaintiffs 14th Amendment |
| | Rights |

**Introduction**

This suit is being filed under Title 42 United States Code Standard 1983 ("Section 1983") alleging violations of the Plaintiffs Fourteenth Amendment equal protection rights . This lawsuit request for injunctive relief and declaratory relief.

---

According to United States Magistrate Judge Jean P. Rosenbluth "Although the lawsuit appears to be frivolous it is not necessarily barred by judicial immunity because Plaintiff seeks only injunctive and declaratory relief not money damages".

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Michael J. Holmes | CASE NUMBER |
| | CV21-3955-DSF (JPRx) |
| PLAINTIFF(S) v. | |
| Paul L. Abrams | ORDER RE REQUEST TO PROCEED |
| | *IN FORMA PAUPERIS (Judge of this Court)* |
| DEFENDANT(S) | |

**MAGISTRATE JUDGE RECOMMENDATION:**

☐ The Request to Proceed *In Forma Pauperis* is not supported by an adequate showing of indigency. It is therefore recommended that the Request to Proceed *In Forma Pauperis* be denied on this basis. This recommendation is not intended to preclude the district judge from reviewing additional reasons to deny or grant the request.

☒ The Request to Proceed *In Forma Pauperis* is supported by an adequate showing of indigency.

☒ Comments: Although the lawsuit appears to be frivolous it is not necessarily barred by judicial immunity because Plaintiff seeks only injunctive and declaratory relief not money damages.

May 13, 2021
Date

United States Magistrate Judge   Paul Birkenbaun   See Pulliam J. Allen, 466 U.S. 522 (1984) (see also 42 U.S.C. §1983 (grants injunctive relief against judges except in limited circumstances)).

_____

**FOR DISTRICT JUDGE USE ONLY:**

☐ IT IS ORDERED that the Request to Proceed *In Forma Pauperis* be GRANTED.

_____    _____
Date                                           United States District Judge

☒ IT IS ORDERED that the Request to Proceed *In Forma Pauperis* be DENIED for the following reason(s):

☐ Inadequate showing of indigency          ☐ District Court lacks jurisdiction
☒ Legally and/or factually patently frivolous     ☐ Immunity as to _____
☐ Other: _____

Comments: _____

☒ IT IS FURTHER ORDERED that:

☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.

☒ This case is hereby DISMISSED immediately.

☐ This case is hereby REMANDED to state court.

May 26, 2021
Date

United States District Judge

CV-73 (08/16)                    ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Plainitff has filed a lawsuit against Nedrudee Liu in the United States district Court Western Division of California. The Defendant is not allowing the court procedding to occur, where the Plainitff and Nedrudee Liu will present their arguments and evidence, so that the Defendant can make a ruling based on these facts during the trial. The Defendnats actions has created a controversey, in a pending lawsuit.

Denial of the Plaintiffs constitutional and civil rights are not a judicial function and conflicts with any definition of a judicial function.

This complaint will include case references and cases where judges were held accountable when their knowing and willing action fell outside the boundaries of their job description. That failure to follow simple guidelines of their position makes a judges actions no longer a judicial act but an individual act as the act represents their own prejudices and goals .

Case law states that when a judge acts as a trespasser of the law, when a judge does not follow the law, they lose subject matter jurisdiction and the judge's orders are void , of no legal force or affect.

Monetary Damages can be recovered from a judge if the Plaintiff can prove that the judge acted beyond his or her legal; jurisdiction . It is in fact possible to obtain **relief in equity** against a judge.

**Jurisdictional Basis**

I. Plaintiff claims federal jurisdiction pursuant to Article III which extends the jurisdiction to cases arising under the U.S. Constitution.

II. Plaintiff brings this suit against the Defendant, pursuant to title **42 U.S. Code 1983** for violations of protections, guaranteed to him by fourteenth amendment of the federal constitution.

III. Plaintiff Michael J Holmes is a natural person residing at 2961 E. Hillside Drive, West Covina CA 91791, Los Angeles County, California.

IV. Alexander F. MacKinnon is a Judge (Bar#146883) presiding at 255 E. Temple Street. Los Angeles, CA 90012 Courtroom #780, 7th Floor

---

The Plaintiff alleges the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statue.

---

## Statement of Case

**Title 42 U.S. Code 1983** Every person who, under color of any statue, ordinance, regulation custom or usage of any state of territory subjects, or causes subjected to , any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law and suit in equity.

Due to the negligent act of the Defendant, the controversy between the Plaintiff and Nedrudee Liu has intensified and will continue to intensify which will cause irreparable harm and a

inadequacy of damages to the Plaintiff. Due to the negligent act of the Defendant the controversy between the Plaintiff and Defendant has intensified and caused irreparable harm and a inadequacy of damages to the Plaintiff.

---

## First Controversial issue

The Defendant states on the first page of the Defendants "Order Dismissing Action For Lack Of Jurisdiction", that the " Plaintiff alleges that his claim arises from the "negligent actions" of a judge and an "act of legal malpractice".  That is  false statement by the Defendant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL J. HOLMES,

    Plaintiff,

v.

NEDRUDEE LIU,

    Defendant.

Case No. 2:21-cv-03745-VAP (AFM)

**ORDER DISMISSING ACTION FOR LACK OF JURISDICTION**

Plaintiff, who is proceeding *pro se* in this civil action, filed a Complaint on April 30, 2021. (ECF No. 1.) Plaintiff did not prepay the filing fees. Instead, he filed a Request to Proceed *In Forma Pauperis* ("IFP Request"). (ECF No. 3.) The Cover Sheet filed with the pleading indicates that jurisdiction for this action arises from a federal question, but Plaintiff states that the action is filed under "California Code of Civil Procedure 340.6." (ECF No. 1-1 at 1.) Plaintiff also indicates within the Complaint that the basis for jurisdiction is a federal question. Nothing in the Complaint indicates that there is diversity of citizenship; rather, both Plaintiff and Defendant are alleged in the Complaint to be residents of California.

In his Complaint, Plaintiff names as Defendant only Nedrudee Liu, who is identified as an attorney. (ECF No. 1 at 2, 7.) Plaintiff alleges that his claim arises from the "negligent actions" of a judge and an "act of legal malpractice." (*Id.* at 4.)

**The Controversy is:**

The Defendant intentionally changed and modified the written statement by the Plaintiff. The Defendant changed and modified the information with the intention of misleading the federal court. The Defendant knowingly made a false entry regarding the Plaintiffs complaint. The Defendant violated the Plaintiffs trust by engaging in actions of deceit and concealment of the facts presented in the Plaintiffs complaint. The Defendant made a fraudulent and intentional false statement on a/any record that is kept.

The Defendants action are a breach of public trust and abuse the Defendants position. The Defendant made a false statement in connection to an official proceeding.

Falsification of a Government Document. Chapter 73 of Title 18 of the United States Code under Sarbanes -Oxley Act. Falsifying documents is the act of intentionally changing or modifying information on a document with the intention of misleading a person or company.

Penal Code 37.10 Tampering with a Government Record is knowingly making a false entry in a government document/record

Fraud is any illegal act characterized by deceit, concealment, or violation of trust.
49 CFR 1570.5- Fraud and intentional falsification of records. No Person may make cause to be made, attempt , or cause to attempt any of the following: (a) Any fraudulent and or intentionally false statement in any record or report that is kept

Public Corruption is a white collar crime- Public Corruption involves a breach of public trust and/ or abuse of position by federal, state, or local officials and their private sector accomplices

<u>Title 8 Chapter 37 Sec. 37.03 Aggravated Perjury</u>. The person commits perjury if the false statement is made in connection with an official proceeding. This offense, under this section is a felony of the third degree(Acts 1973, 63rd Leg., p. 883, ch. 399, sec. 1, eff. Jan.1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994)(www.statutues.capitol.gov).

---

## **<u>Second Controversial Issue</u>**

The Defendant states on the second page of the Defendants "Order Dismissing Action For Lack Of Jurisdiction" " A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears".

"A contrary may be shown if the application of the defined term in the circumstance of a particular case leads to an absurd or unreasonable result, or a result that is repurgent to the fundamental intention of the legislative provision" (www,mondaq.com). The Plaintiff has provided the exhibits that according to the Defendants above statement (in the second controversial issue) the Federal court does jurisdiction in this case.

Plaintiff seeks monetary damages. (*Id.* at 4, 7.) On a second cover page within the pleading, plaintiff again references "legal malpractice" and "negligence," and he repeatedly cites a California statute in the pleading. (*Id.* at 6-8.) No claim is alleged to have arisen under any federal statute.

Because Plaintiff has requested to proceed IFP in this federal action, the Court has screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See, e.g., Shirley v. Univ. of Idaho*, 800 F.3d 1193, 1194 (9th Cir. 2015) (citing 28 U.S.C. § 1915(e)(2) and noting that a "district court shall screen and dismiss an action filed by a plaintiff proceeding *in forma pauperis*"); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). In addition, because Plaintiff is appearing *pro se* in this action, the Court must construe the allegations of the pleading liberally and must afford him the benefit of any doubt. *See, e.g., Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (in screening under 28 U.S.C. § 1915(e)(2), courts apply the standard of Fed. R. Civ. P. 12(b)(6)).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992). A plaintiff must present a federal question on the face of a complaint. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (in order for a federal court to exercise federal question jurisdiction under § 1331, "the federal question must be disclosed upon the face of the complaint" (internal quotation marks omitted)). A "plaintiff bears the burden of proving" the existence of subject matter

2

**Third  Controversial Issue**

The Defendant states on the second page of the Defendants "Order Dismissing Action For Lack Of Jurisdiction", "Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute". "A Plaintiff must present a federal question on the face of a complaint. The Federal question must be disclosed upon the face of the complaint. A Plainitf bears the burden of proving the existence of subject matter jurisdiction and must allege facts not merely conclusion".

Plaintiff seeks monetary damages. (*Id.* at 4, 7.) On a second cover page within the pleading, plaintiff again references "legal malpractice" and "negligence," and he repeatedly cites a California statute in the pleading. (*Id.* at 6-8.) No claim is alleged to have arisen under any federal statute.

Because Plaintiff has requested to proceed IFP in this federal action, the Court has screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See, e.g., Shirley v. Univ. of Idaho*, 800 F.3d 1193, 1194 (9th Cir. 2015) (citing 28 U.S.C. § 1915(e)(2) and noting that a "district court shall screen and dismiss an action filed by a plaintiff proceeding *in forma pauperis*"); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). In addition, because Plaintiff is appearing *pro se* in this action, the Court must construe the allegations of the pleading liberally and must afford him the benefit of any doubt. *See, e.g., Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (in screening under 28 U.S.C. § 1915(e)(2), courts apply the standard of Fed. R. Civ. P. 12(b)(6)).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992). A plaintiff must present a federal question on the face of a complaint. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (in order for a federal court to exercise federal question jurisdiction under § 1331, "the federal question must be disclosed upon the face of the complaint" (internal quotation marks omitted)). A "plaintiff bears the burden of proving" the existence of subject matter

2

According to Gunn v. Minton -568 U.S. 251, 133 S.Ct. 1059 (2013) The U.S. Supreme Court states "Federal Jurisdiction over a stature law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court. Where all four of these requirements are met, jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum which can be vindicated without disrupting Congress' intended decision of labor between state and federal courts.

**The Controversy is:**

The Defendant provided false information pertaining to jurisdiction.

The Defendant intentionally changed and modified the statements in the case referenced on the second page of the Defendants "Order Dismissing Action For Lack Of Jurisdiction". The Defendant changed and modified this information with the intention of misleading the federal court. The Defendant knowingly made a false entry regarding the Plaintiffs complaint. The Defendant violated the Plaintiffs trust by engaging in actions of deceit and concealment of the facts presented in the Plaintiffs complaint. The Defendant made a fraudulent and intentional false statement on a/any record that is kept.

The Defendants action are a breach of public trust and abuse the Defendants position. The Defendant made a false statement in connection to an official proceeding.

Falsification of a Government Document. Chapter 73 of Title 18 of the United States Code under Sarbanes -Oxley Act. Falsifying documents is the act of intentionally changing or modifying information on a document with the intention of misleading a person or company.

Penal Code 37.10 Tampering with a Government Record is knowingly making a false entry in a government document/record

Fraud is any illegal act characterized by deceit, concealment, or violation of trust.

49 CFR 1570.5- Fraud and intentional falsification of records. No Person may make cause to be made, attempt , or cause to attempt any of the following: (a) Any fraudulent and or intentionally false statement in any record or report that is kept

Public Corruption is a white collar crime- Public Corruption involves a breach of public trust and/ or abuse of position by federal, state, or local officials and their private sector accomplices

Title 8 Chapter 37 Sec. 37.03 Aggravated Perjury. The person commits perjury if the false statement is made in connection with an official proceeding. This offense, under this section is a felony of the third degree(Acts 1973, 63rd Leg., p. 883, ch. 399, sec. 1, eff. Jan.1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept

---

**Fourth  Controversial Issue**

The Defendant states on the third page of the Defendants "Order Dismissing Action For Lack Of Jurisdiction" the Plaintiff must allege facts, not mere legal conclusions". The is a false statement. During the trial the Plaintiff will present the evidence that will equitably substantiate the that the Plaintiff allegations are facts.

---

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL J. HOLMES,

      Plaintiff,

    v.

NEDRUDEE LIU,

      Defendant.

Case No. 2:21-cv-03745-VAP (AFM)

**ORDER DISMISSING ACTION FOR LACK OF JURISDICTION**

Plaintiff, who is proceeding *pro se* in this civil action, filed a Complaint on April 30, 2021. (ECF No. 1.) Plaintiff did not prepay the filing fees. Instead, he filed a Request to Proceed *In Forma Pauperis* ("IFP Request"). (ECF No. 3.) The Cover Sheet filed with the pleading indicates that jurisdiction for this action arises from a federal question, but Plaintiff states that the action is filed under "California Code of Civil Procedure 340.6." (ECF No. 1-1 at 1.) Plaintiff also indicates within the Complaint that the basis for jurisdiction is a federal question. Nothing in the Complaint indicates that there is diversity of citizenship; rather, both Plaintiff and Defendant are alleged in the Complaint to be residents of California.

In his Complaint, Plaintiff names as Defendant only Nedrudee Liu, who is identified as an attorney. (ECF No. 1 at 2, 7.) Plaintiff alleges that his claim arises from the "negligent actions" of a judge and an "act of legal malpractice." (*Id.* at 4.)

Plaintiff seeks monetary damages. (*Id.* at 4, 7.) On a second cover page within the pleading, plaintiff again references "legal malpractice" and "negligence," and he repeatedly cites a California statute in the pleading. (*Id.* at 6-8.) No claim is alleged to have arisen under any federal statute.

Because Plaintiff has requested to proceed IFP in this federal action, the Court has screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See, e.g., Shirley v. Univ. of Idaho,* 800 F.3d 1193, 1194 (9th Cir. 2015) (citing 28 U.S.C. § 1915(e)(2) and noting that a "district court shall screen and dismiss an action filed by a plaintiff proceeding *in forma pauperis*"); *Calhoun v. Stahl,* 254 F.3d 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). In addition, because Plaintiff is appearing *pro se* in this action, the Court must construe the allegations of the pleading liberally and must afford him the benefit of any doubt. *See, e.g., Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010); *see also Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015) (in screening under 28 U.S.C. § 1915(e)(2), courts apply the standard of Fed. R. Civ. P. 12(b)(6)).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am. v. Eggert,* 953 F.2d 552, 554 (9th Cir. 1992). A plaintiff must present a federal question on the face of a complaint. *See Rivet v. Regions Bank of La.,* 522 U.S. 470, 475 (1998); *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1086 (9th Cir. 2009) (in order for a federal court to exercise federal question jurisdiction under § 1331, "the federal question must be disclosed upon the face of the complaint" (internal quotation marks omitted)). A "plaintiff bears the burden of proving" the existence of subject matter

jurisdiction and "must allege facts, not mere legal conclusions" to invoke the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, 577 U.S. 39, 44-46 (2015). A court may dismiss a case summarily if there is an obvious jurisdictional issue. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (if dismissal is for lack of subject matter jurisdiction, a party is not entitled "to notice and an opportunity to respond").

Here, Plaintiff expressly alleges a negligence or malpractice claim that arises solely under state law. Plaintiff's allegations fail to allege that the one named Defendant deprived him of a right guaranteed under the United States Constitution or a federal statute. Defendant in this action is an attorney. Attorneys in private practice are not state officials and do not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 318, n.9 (1981) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of §1983," regardless of "whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program"). In his Complaint, Plaintiff does not name any defendant who was acting under color of state law and does not assert any cause of action under federal law.

For these reasons, the Court concludes that the Complaint does not set forth any allegations giving rise to a reasonable inference that the named Defendant is liable for a violation of a federal law or the United States Constitution. Plaintiff has failed to meet his burden of alleging facts, not mere legal conclusions, to support federal subject matter jurisdiction.

///

///

///

3

IT THEREFORE IS ORDERED that this action is dismissed without prejudice for lack of subject matter jurisdiction.

DATED: May 12, 2021

_Virginia A. Phillips_
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

4

**Prayer for Relief**

Wherefore Plaintiff prays this court issues equitable relief as follows:

1. The court issue injunctive relief ordering the Defendant to not be assigned to any more cases filed by the Plaintiff.

2. The court issue injunctive relief ordering the defendant to recuse and/or be removed from the Civil Case # 2:21-cv-03745-VAP (AFM)

5. The court issue a injunctive relief ordering the defendant to grant the Plaintiff, the right to have a fair and impartial trial (if the Defendant cannot be recused and or removed from the three lawsuits and denied the ability to be the judge in any new lawsuit filed by the Plaintiff).

6. The court issue a injunctive relief ordering the defendant to not violate the Plaintiffs 14th Amendment rights (if the Defendant cannot be recused and or removed from the three lawsuits and denied the ability to be the judge in any new lawsuit filed by the Plaintiff)..

7. The court issue injunctive relief ordering the defendant to follow the Due Process guidelines. *Memphis Light, Gas and Water Division v Craft, 436 U.S. 1,2 (1978) (citations omitted). "The root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing before being deprived of any significant protected interest"* (if the Defendant cannot be recused and or removed from the three lawsuits and denied the ability to be the judge in any new lawsuit filed by the Plaintiff)..

6. The court issue a injunctive relief ordering the defendant to penalized in accordance to the law for every law violation that the Defendant has committed.

The Plaintiff request a declaratory relief detailing the rights and obligations of the Defendant providing the Plaintiff an fair trial when the Defendant received these three cases by the Plaintiff. The Defendant was sued for declaratory relief from various judgments entered by the Defendant against Charles Kinney (Kinney v. Judge Phillip S. Gutierrez).

---

Rule 57. Declaratory Judgment 28 U.S.C. 2201 Rule 38 and 39 govern demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory relief that is otherwise appropriate. A declaratory relief is appropriate when it will terminate the controversy giving rise to the proceeding. In as much as it involves only an issue of law on undisputed or relatively undisputed facts it operates frequently as a summary proceeding justifying docketing the case for early hearing as on a motion as provided for in California (Code Civ. Proc. (Deering, 1937)1062a) , Michigan (3 Comp. Laws(1929)13904), and Kentucky (Codes (Caroll, 1932) Civ.Pract.639a-3).

The controversy must necessarily be of a justifiable nature, thus excluding an advisory decreed upon a hypothetical state of facts,." Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 325, 56 S. Ct. 466, 473, 80 L.E.d. 688, 699 (1936). Existence or non existence of any right, power , duty, liability , disability, or immunity or of any facts upon which such legal relations depend, or of a status may be declared. The Plaintiff must have a practical interest in the declaration sought. A declaration may not be rendered if a special statutory proceeding has been provided for the adjudication of some special type of case . When declaratory relief will not be effective in settling the controversy the court may decline to grant it, but the fact that another remedy would be equally effective affords no ground for declining declaratory relief.

The declaratory relief will state with precision the declaratory judgment desired. The court may sua sponte, if it serves a useful purpose, grant instead a declaration of rights. Hasselbring v Koepke, 263 Mich. 466, 248 N.W. 869, 93 A.L.R. 1170 (1933). Written instruments, including ordinances and statutes , may be construed before or after breach at the petition of a properly interested party. The Uniform Declaratory Judgment act affords a guide to the scope and function of the Federal Act. Compare Aetna Life Insurance Co. v Haworth, 30 U.S. 227, 57S.Ct. 461 (1937); Nashville Chattanooga & St. Lousi Ryv. Wallace, 288 U.S. 249 (1933); Gully, tax collector interstate Natural Gas Co. 82 F. (2d) 145 (C.C.A.5th 1936). Ohio Casualty ins. Co. v Plummer, 13 F.Supp169 (S.D.Tex., 1935); Borchard, Declaratory Judgments (1934), passim. (Cornell Law School  www.law.cornell.edu))

Rule 57  of the Federal Rules of Civil Procedure and Title 28, Section 2201 of the U.S. Code govern declaratory judgments in federal court (Trellis.law).

Enforceability

a declaratory judgment does not provide for any enforcement however , in other words it states the courts authoritative opinion regarding the exact nature of the legal matter.

A declaratory relief claim is normally used to obtain a judicial declaration on the rights and duties of the Plaintiff and the Defendant.  (City of Tiburon v. Northwestern Pac. R.R. Co., 4 Cal. App. 3d 160, 170 (1970). Declaratory Relief is not a tool to redress past wrongs, it operates to

settle controversies , before they escalate to a repudiation of obligation, invasion of rights , or the commission of wrongs (Travers v. Louden, 254 Cal. App.2d 926, 931 (1967). (Trellis.law).

---

Declaratory relief has two elements  1) a proper subject of declaratory relief, and 2) an actual controversy involving justifiable questions relating to the Plaintiffs or Defendants rights or obligations. (Jolley v. Chase Home Finance LLC 213 Cal, App 4th872, 909 (2013).) Declaratory judgments preserves a parties legal right (Osseous Technologies of America, Inc. v. Discovery Ortho PRTNERS llc, 191cAL. aPP. 4TH357, 364-365.)

Declaratory relief is appropriate when obtaining a declaration that a statute or regulation is facially unconstitutional.

---

Benefits  of seeking a Declaratory Relief

Code of Civil Procedure 1062.3 Provides for trial setting preference over all other civil actions with certain exceptions

The Parties can resolve disputes before actual damage occurs or irreversible damage is caused by the repudiation of an agreement.

The application , intervention, validity, or constitutionality of a statue, ordinance or regulation may be clarified or resolved.

There is no statute of limitations specifically applicable for declaratory relief actions

Certain disputes that would normally be determined in several actions may be determined in one action, e.g. questions of indemnification;

Under CCP 1062 a declaratory judgment under the California Declaratory Judgment Act does not preclude a party from obtaining other appropriate relief(Simsasgovlaw.com).

---

An injunction is a court order requiring a person to do or cease doing a specific action. They can be issued by the Judge early in a lawsuit to stop the Defendant from continuing his or her allegedly harmful actions and failure to comply with an injunction can result in the Defendant being held in contempt of court, which in turn may result in either criminal or civil liability. See, e.g., Roe v. Wade 410US 113 (1973).

---

A Declaratory violation the Defendant has violated is unavailable.

---

**References:**

1. **Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); and Abagninin v. AMAVAC Chem. Corp., 545 F.3d 733,742-43 (9th Cir.2008)** which states the court's authority includes sua sponte dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared.

The Plaintiff was unable to find the Defendants home address. The Defendant serve the Defendant via mail at (1) 350 West 1st Street, Court room 6A, 6th floor, Los Angeles,

California, 90012-4565 (2) Clerk Of Court 255 E. Temple Street, Suite TS-134, Los Angeles, CA 90012-3332.

The Plaintiff prays the case is not dismissed if the Defendant fails to respond. The Plaintiff will have documents that show the day and time the documents were served to all locations.

---

2. Zumani v Carnes, 491 F.3d 990, 996 (9th Cir.2007) (internal quotation marks and citation omitted). When considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it . Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court, however, does not have to accept as true allegations that are unwarranted deductions of facts, or unreasonable inferences. In re Gilead Scis.Sec.Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) states although a complaint does not need to include factual allegations, it must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on it face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quaoting reference Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is deemed facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."This claim provides sufficient information of underlying facts to give fair notice and to enable the Defendant to defend effectively (Starr v. Baca, 652 F.3d 1202, 1216 ((9th Cir.2011)).

The Plaintiff has provided in the complaint a copy of the "ORder Dismissing Action FOr Lack of Jurisdication".

3.Lopez vs Smith 203.f3d 1122, 1126-30 (9th Cir.2000). In the result where the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible the defects

in the complaint could be corrected , especially if the plaintiff is pro se. ID. at 1130-31; see also Cato v. United States, 70 F3d 1103, 1106 (9th Cir.1995).

The Plaintiff prays, that if there is something that is not correct in this complaint, that the court will allow the Plaintiff to amend it. "Woods v. Carey, 525 F.3d 886,889-90 (9th Cir.2008) (citation omitted).

4.Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) ; Edelman v. Jordan, 415 U.S. 651 (1974); Ex Parte Young, 209 U?.S. 123 (1908). State officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from claims for retrospective relief (including monetary damage claims) but does not immunize them from claims for prospective relief (such as forward-looking injective relief).

5.  42 U.S.C. 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  In order for a Plaintiff to make a claim for a civil rights violation under section 1983, the Plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statue.

6.Swarthout v. Cooke, 562 U.S. 216,219 (2011). The analysis of due process "proceeds in two ways: We first ask whether there exists a liberty or property interest of which a person has been deprived , and if so we ask whether the procedures followed by the estate were constitutionally sufficient."

7.City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "The Equal Protection Clause of the fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction

that all persons similarity situated should be treated alike (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982).

Following the Due Process guidelines is a law the Defendant did not follow for the Plaintiff.

8.FED.R.CIV.P.8(a),(d) (a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and " each allegation must be simple, concise, and direct").

Short statement- The Plainitff has filed a lawsuit against Nedrudee Liu  in the United States district Court Western Division of California. The Defendant is not allowing the court procedding to occur, where the Plainitff and Nedrudee Liu  will present their arguments and evidence, so that the Defendant can make a ruling based on these facts during the trial. The Defendnats actions has created a controversey, in a  pending lawsuit.
Requested Relief- Injunctive Relief, Declaratory Relief

9.Broadman v. Commission on Judicial Performance (1998) 18 Cal.4th 1079, 1090 [77 Cal.Rptr.2d 408, 959P.2d 715] (Broadman).)" Evidence of a charge is clear, and convincing so long as there is a 'high probability' that the charge is true."

---

**Reference:  Judges Held Accountable**

1) **Judge Kelly A. MacEachern**

Orange County Superior Court since 2003

Charged with making false and misleading statements

Commission on Judicial Performance ordered that the judge be removed from her judicial office and disqualified from acting as a judge.

2) **Judge James M. Brooks**

Orange County Municipal Court since 1986

(Haluck v. Ricoh Electronics, Inc. (2007) 151 Cal.App.4th 994.)

Misconduct committed while presiding over the trial:

a) "Overruled" signs

b)The Twilight Zone

The judge gave free rein to the defendant lawyer to deride and make side remarks at will, at the expense of the Plaintiff, which violates canon 3b(3).

c) Comments During the reading of Stevenson Deposition

Commission on Judicial Performance ordered public admonishment

3) **Judge Moruza**

Alameda County Superior Court

Misconduct committed while presiding over the trial:

a) Comments in People v. Rupple

Commission on Judicial Performance ordered public admonishment

4) **Judge Coats**

San Diego County Superior Court

Misconduct committed:

1 Judge Coats ' Prior Discipline and Guidance

2) Judge Coats' Abuse of the Prestige of Judicial Office and Misuse of Court Resources

Commission on Judicial Performance ordered public admonishment

5) **Judge O 'Flaherty**

Placer County

Misconduct Committed in case: Herold v. Golden 1 Credit Union (Super. Ct. Placer County, No.
RSC13621)

Commission on Judicial Performance ordered public censure

1)Finding concerning the hearing before Judge O'Flaherty

2)Finding Concerning Evidence of Threats or Intimidation

3) Finding concerning Issuance of an order

4) Findings Concerning Embroilment and Due Process Violation

5) Prior Discipline

6) Willful misconduct: Un judicial conduct that is committed in bad faith by a acting judge in
their judicial capacity.(Broadman, supra, 18 CAl.4th at p. 1091.)

7) Failure to comply with the California Code of Judicial Ethics canons of judicial ethics is generally considered to constitute un judicial conduct. (Adams v. Commission of Judicial Performance(Adams)(1994) 8 Cal.4th 630, 662 [34 Cal.Rptr.2d 641, 882 P.2d 358].) The judge violated canons 1( a judge shall uphold the integrity of the judiciary), 2A (a judge shall respect and comply with the law), 3B(2) ( a judge shall be faithful to the law and 3B(7) (a judge shall accord every person who has a legal interest in the preceding the right to be heard.

8) Judge acts in bad faith (1)performing judicial acts knowing that that act is beyond the judges lawful judicial power

---

Respectfully Submitted

Michael Holmes

2961 E. Hillside Drive

West Covina, CA 91791

(626) 373-4331

---

**Statement of Verification**

I have read the above complaint and it is correct to the best of my knowledge.

Michael Holmes

2961 E. Hillside Drive

West Covina, CA 91791

(626) 373-4331


Michael J. Holmes

2961 E. Hillside Drive

West Covina, CA 91791

(626) 373-4331

Plaintiff Pro Se Litigant